**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE TRUJILLO, | No. 18-15391 |
| Plaintiff-Appellant | D.C. No. 5:17-cv-00566-EJD |
| v. | MEMORANDUM* |
| SANDRA OROZCO; et al, | |
| Defendants-Appellees | |

Appeal from the United States District Court
for the Northern District of California
Edward Davila, District Judge, Presiding

Argued and Submitted July 16, 2019
San Francisco, California

Before:     PAEZ and RAWLINSON, Circuit Judges, and HUCK,**
District Judge.

After allegedly encountering barriers interfering with his equal access to San

Jose's Puerto Azul restaurant, Plaintiff-Appellant Jose Trujillo sued its owners,

operators, and landlords for violating Title III of the Americans with Disabilities Act

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**     The Honorable Paul C. Huck, United States District Judge for the Southern
District of Florida, sitting by designation.

(ADA), California's Unruh Act, and provisions of California's Health and Safety Code and Government Code. The parties settled the dispute but asked the district court to decide Appellant's request for attorneys' fees. Appellant appeals the district court's award of attorneys' fees and costs. We affirm.

We review the district court's award of attorneys' fees and costs for abuse of discretion. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). The district court's determinations of fact will not be set aside absent clear error. *See id.* "We review the legal principles underlying the fee award de novo." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Whether a district court abuses its discretion in deciding a motion for attorneys' fees depends on how sufficiently and reasonably it explained its fee award. *See id.* "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Id.*

Although Plaintiff is correct that the district court erred in its brief comment about Appellant's success in the litigation by not considering the equitable relief Appellant obtained, the error was harmless because of the district court's many additional detailed explanations justifying its decision. Here, the court's comment regarding the extent of Appellant's success constituted a small aspect of the comprehensible explanation justifying the court's award. In light of "the district court's superior understanding of the litigation," we defer to its "concise but clear

explanation of its reasons." *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In addition, the district court did not abuse its discretion in refusing to award fees for Appellant's late preparation and submission of the mediation statement. Appellant submitted the statement after the deadline provided in the district court's local rules, and only Appellant's attorneys' fees remained unresolved by the time the statement was sent. It was not unreasonable for the court to conclude the document's preparation constituted an unreasonable expenditure of time.

Finally, the district court's decision awarding time relating to Appellant's preparation of the motion for attorneys' fees and costs also did not constitute an abuse of discretion. The district court's explanation was quite thorough; the court cogently explained why the motion was excessive considering the straightforward, simple nature of the case. *See Moreno*, 534 F.3d at 1111–12. Due to the district court's far greater experience with the record and the deference we owe its extensive explanation, we affirm its decision regarding Appellant's motion for attorneys' fees and costs. *See Jankey*, 537 F.3d at 1132.

**AFFIRMED.**

18-15391